FAIRBANKS, MORSE & COMPANY, APPELLEE, v. HARMON B. AUSTIN ET AL.; WALTER P. MANN, APPELLANT.*

FILED MAY 4, 1914.   No. 17,647.

1. **Appeal:** RULINGS REVIEWABLE. In an action at law a ruling not challenged in the district court by the motion for a new trial is not reviewable in the supreme court.*

2. **Trial:** REQUEST FOR DIRECTED VERDICT: PROCEDURE. Where both parties, at the close of the evidence, request a peremptory instruction, the trial court may pronounce the judgment demanded by the pleadings and the evidence, without submitting issues of fact to the jury.

3. **Appeal:** AFFIRMANCE. · Where no specific error has been pointed out by appellant and no plain error appears in the record presented to the reviewing court, the judgment of the trial court may be affirmed.

· APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher* and *William P. Rooney,* for appellant

*Albert W. Crites, contra.*

---

*First paragraph of syllabus set aside. Rehearing denied. See opinion, p. 139, *post.*

ROSE, J.

In the county court of Dawes county, Fairbanks, Morse & Company sued Harmon B. Austin, Walter P. Mann and L. Edgar Sprague for the purchase price of the following items of machinery alleged to have been sold and delivered by plaintiff to defendants: Gasoline engine, $150; pulley-blocks, $9.97. The county court dismissed the action as to Sprague, and entered judgment against the other defendants, who had been partners. Mann alone appealed to the district court, and there denied liability to plaintiff, pleaded that no binding contract of purchase had been made; that Austin assumed payment of the firm debts; that plaintiff knew the partnership had been dissolved before delivering the machinery; that immediate shipment, though necessary, was delayed until defendants, through necessity, were compelled to buy another engine; that Austin took possession of the engine as a gratuitous bailee of plaintiff, retaining it for the latter; that plaintiff claimed title when the engine was in Austin's possession; that the order for the machinery was countermanded. On a trial of the issues the district court directed a verdict for plaintiff, and defendant Mann has appealed.

The sustaining of a motion to strike a number of allegations from the answer is assigned as error. This assignment is unavailing because the ruling of the district court was not challenged by the motion for a new trial.

The next assignment of error is the overruling of a motion, when plaintiff first rested, to direct a verdict in favor of defendant Mann. The petition stated a cause of action. Plaintiff adduced evidence sufficient to support findings that the sale was made, that the machinery was delivered, and that the purchase price had not been paid. It is clear that there was no error in overruling the motion.

Complaint is also made because a verdict was directed in favor of plaintiff. Both parties at the close of the evidence requested a peremptory instruction. The trial court was thus invited by both parties to render the judgment demanded by the pleadings and the evidence. There was

therefore no error in failing to submit issues of fact to the jury. *Henton v. Sovereign Camp, W. O. W.*, 87 Neb. 552. Moreover, the judgment seems on the face of the record to be just and fair.

No specific error has been pointed out, nor has a plain error been found in the record.

AFFIRMED.

The following opinion on motion for rehearing was filed July 11, 1914. *Rehearing denied.*

PER CURIAM. A motion for rehearing has been filed in this case, which calls attention to an error in the first paragraph of the syllabus, and in the second paragraph of the opinion. We have repeatedly decided that rulings on demurrer and motions to pleadings need not be called to the attention of the trial court by motion for new trial in order to make them reviewable in this court. *Anderson v. Union Stock Yards Co.*, 84 Neb. 305. The first paragraph of the syllabus and the second paragraph of the opinion are therefore disapproved and set aside.

This requires us to consider whether the court erred in striking certain allegations from the answer filed in the district court. These allegations set up new matters of defense which were not pleaded, or in issue, at the trial of the case in the county court, from which this action was appealed. No error was made in striking them from the answer.

The motion for rehearing is

OVERRULED.