FLORENCE H. O'SHEA, APPELLEE, V. MALINDA K. MORRIS
ET AL., APPELLANTS.

FILED APRIL 30, 1924.   No. 22767.

**Vendor and Purchaser:** RESCISSION: FAILURE TO DISCLOSE FACTS. As betwee:· vendor and purchaser, where material facts and information are equally accessible to both, and nothing is said or done which tends to impose on the purchaser or to mislead him, the failure of the vendor to disclose such facts does not amount to actionable fraud; but where such facts are known by the vendor and he knows them to be not within reach of the reasonably diligent attention, observation and judgment of the purchaser, and they are such as would readily mislead the purchaser as to the true conditions of the property, the vendor is bound to disclose such facts.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed as modified.*

*T. F. A. Williams* and *Homer L. Kyle,* for appellants.

*Doyle & Halligan* and *Dort, Cain & Witte, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and GOOD, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

This action is by the plaintiff against the defendants, who are wife and husband, for the rescission of a contract for the purchase by plaintiff of lots 3 and 4, in block 1, Chase and Beardsley's Park Hill addition to Lincoln, Nebraska, also known as 2325 South Twenty-fourth street. The controversy arises in respect to the north boundary of lot 3 as it relates to a driveway and garage located partly on said lot and partly on the adjoining lot 2. The trial court found that the house is constructed with grade door, coal bins, and laundry so as to be occupied with the driveway on the north side of the house; that the driveway is necessary for the proper occupancy of the property; that said driveway and garage are not entirely upon lot 3, the north line thereof being in the center of said driveway and garage, which

O'Shea v. Morris.

extend over onto lot 2 approximately four feet. The defendants were not owners of any of lot 2 to the north, which is vacant, and there is no visible or marked boundary line between the lots; that defendants knew they did not have title to the ground in lot 2 upon which the north half of the driveway and garage stood, and knew that said driveway and garage were not all located on lot 3, yet they failed to advise plaintiff of that fact; that the plaintiff believed, and was reasonably led and induced to believe, by the character and location of the grounds and improvements, that defendants were the owners of all of said property, including the land upon which the driveway and garage were located, and purchased said property upon the understanding that all of said improvements were located on lots 3 and 4; that defendants, under the circumstances, were in duty bound to advise plaintiff that said driveway and garage were not entirely on their property, yet they concealed such fact and knowingly permitted the plaintiff to believe that all of said house, driveway and garage were upon lots 3 and 4, and that the deed executed by defendants conveyed a fee simple title to the driveway and garage and all the ground upon which the same were located, which was a fraud and deceit as against plaintiff. The court further found that plaintiff promptly upon discovery claimed a rescission, tendered a reconveyance, and demanded return of the purchase money paid.

Plaintiff contracted for the premises at the price of $8,800, paying in cash $7,250, assuming a mortgage of $1,300, and retaining for the purpose of paying the expenses for curing a defect in the title the sum of $250. Prior to the trial plaintiff had paid said $1,300 mortgage. The trial court found the plaintiff entitled to a rescission of the contract and recovery of said $8,550, with interest thereon from the date on which judgment was entered, April 11, 1922, and made the judgment a first lien on the premises, conditioned, however, that if the defendants should within 60 days present to the plaintiff a fee simple title to the ground upon which the driveway and garage

were located, which title should be approved by the court, rescission should not be allowed.

It would serve no useful purpose to discuss the evidence in detail or the propositions of law involved. We are satisfied, after a careful reading and consideration of all the evidence, that the trial court reached the right conclusion thereon, and we adopt the same. We are further of the opinion that the governing principle of law is well settled, and is to the effect that as between vendor and purchaser, where material facts and information are equally accessible to both, and nothing is said or done which tends to impose on the purchaser or to mislead him, the failure of the vendor to disclose such facts does not amount to actionable fraud; but where such facts are known by the vendor and he knows them to be not within reach of the reasonably diligent attention, observation and judgment of the purchaser, and they are such as would readily mislead the purchaser as to the true condition of the property, the vendor is bound to disclose such facts; and his failure to do so constitutes such fraud as will authorize rescission of the contract by the purchaser. 27 R. C. L. 366, sec. 611.

The appellants urge that rescission is a harsh remedy, and that especially in view of the proportion which the alleged injury bears to the whole value of the property, as evidenced by the testimony concerning the difference in value of the property as it actually was and as it would have been had it included the adjacent four-foot strip upon which the driveway and garage were located, rescission should not be granted. While not acceding to this view in its entirety, we are impressed with the fact that the trial judge before whom the case was first tried in the district court (it having been twice tried in that court) was of that opinion, and that the record discloses that some such adjustment was not entirely unacceptable to the plaintiff. We think substantial justice may be promoted by so modifying the decree that the defendants shall have another option whereby total rescission may be avoided. It is a fair conclusion from the evidence bearing upon that point that the

difference in value of the property as it actually was and as it was represented to be is the sum of $1,000; and the decree will be so modified that the defendants may within 60 days from the filing of mandate pay into court for the use and benefit of the plaintiff that sum, together with interest at 7 per cent. from the date of filing such mandate; or may deposit in court for the plaintiff a conveyance giving good and marketable title to the ground upon which the driveway and garage are located. This should also be more specifically designated to include the whole strip adjacent to the north boundary of lot 3, and extending the entire length thereof east and west, and of sufficient width to include the driveway and garage as located. In either event, the defendants should be taxed with the costs in both courts, and in case of failure to fulfil such conditions that the judgment of the district court shall otherwise stand as rendered, except that, plaintiff retaining possession and use of the property, interest is not recoverable except upon the final deficiency, if any shall exist. *Hall v. Catherine Creek Development Co.*, 78 Or. 585, L. R. A. 1916C, 996.

The parties have filed in this court a motion and affidavits relating to certain transactions claimed to have taken place respecting the property in controversy after the perfecting of this appeal, but the same are not considered in making our determination of the appeal.

The cause is remanded to the district court for entry of judgment in accordance herewith:

AFFIRMED AS MODIFIED.

Note—See Vendor and Purchaser, 39 Cyc. p. 866.