FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LINCOLN, A UNITED STATES CORPORATION, APPELLANT, V. CAL-NEB LAND CO., A PARTNERSHIP, ET AL., APPELLEES.

367 N.W.2d 136

Filed May 10, 1985.   Nos. 84-248, 84-285.

R. Kent Radke of Badami & Radke, for appellant.

Wright & Sorensen, for appellees.

Krivosha, C.J., Boslaugh, White, Caporale, Shanahan, and Grant, JJ.

Boslaugh, J.

This appeal arises out of an action by the plaintiff-appellant, First Federal Savings and Loan Association of Lincoln (First Federal), to foreclose its mortgage on property of the defendant-appellee Cal-Neb Land Co. (Cal-Neb).

On April 21, 1980, Cal-Neb mortgaged property in Box Butte County, Nebraska, to First Federal for $390,000. The mortgage, insofar as is relevant here, provided in paragraph 20, entitled "Assignment of Rents; Appointment of Receiver; Lender in Possession":

> Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. *All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property* and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Mortgage Lender and the receiver shall be liable to account only for those rents actually received.

(Emphasis supplied.)

After Cal-Neb became in default, First Federal commenced the foreclosure proceedings. First Federal filed an application for receiver stating, inter alia, "that it is necessary that a receiver be appointed . . . to collect the rents, issues and profits therefrom, and to apply the same upon unpaid taxes and upon said mortgage indebtedness, as set forth in the assignment of rents embodied in the mortgage . . . ." On May 19, 1983, the trial court appointed a receiver. Although the order was silent as to the payment of taxes, the receiver was required "[t]o pay all normal recurring monthly bills, including, but not limited to utilities and other obligations that would be the normal landlord's obligation."

On October 24, 1983, the district court found that there was

due and owing First Federal upon the mortgage $436,918.27 with interest thereon at the rate of $147.96 per day from October 1, 1983, and $83 advanced by First Federal for abstracting expenses and its costs. The property was ordered sold to satisfy the lien. The decree further provided that the "[d]efendants are entitled to credit for the amounts collected by the receiver appointed in these proceedings which amount less approved expenses of the receiver and the receiver's fees, shall be determined at the time of confirmation of sale herein . . . ."

The property was sold at the sheriff's sale on January 4, 1984, to First Federal for $450,000. First Federal filed a motion to confirm the sale on January 19, 1984. Among the allegations therein First Federal stated that "the sale herein should be confirmed subject to adjustments for the amounts held by the receiver." An accounting filed by the receiver at the same time disclosed that there was in his possession $20,372.55 after the collection of rents and profits on the property, less expenses not including the payment of taxes. On February 10, 1984, the sale was confirmed.

On February 21, 1984, First Federal filed a motion for a new trial on the basis that the funds held by the receiver should be applied to pay the delinquent real estate taxes. This motion was overruled. On March 16, 1984, First Federal filed a motion for an order authorizing the receiver to pay the real estate taxes. The motion was also overruled. First Federal then appealed from each of these orders.

The separate appeals have been consolidated in this court, and the sole issue is whether the excess funds in the hands of the receiver shall be used to pay the delinquent real estate taxes.

An action to foreclose a real estate mortgage is an action in equity which is reviewed de novo on appeal. *Travelers Indemnity Co. v. Heim*, 218 Neb. 326, 352 N.W.2d 921 (1984).

The disposition of this appeal is controlled by our decision in *Conservative Sav. & Loan Assn. v. Karp*, 218 Neb. 217, 352 N.W.2d 900 (1984). In *Karp* the lender brought an action to foreclose a deed of trust. The district court thereafter entered an order allowing the lender to take possession of the property and collect the rents from the property. The decree of foreclosure provided that the rents collected should be applied

to reduce the amounts due the lender.

At the sheriff's sale the property was bought by Arlo Hanson. When Hanson purchased the property, half of the taxes were unpaid and delinquent. Hanson paid the taxes and then intervened in the foreclosure proceedings to collect the taxes he had paid. We held that the lender was in the position of a mortgagee in possession of the premises as a receiver and, as such, had a contractual duty imposed by the deed of trust to apply the rents collected "first to payment of the costs of management of the Property . . . ." *Id.* at 220, 352 N.W.2d at 902. We further held that "the phrase 'costs of management,' as used in the deed of trust in this case, includes all expenses necessary to perpetuate the actual commercial use of real estate, including the payment of real estate taxes." *Id.* at 221, 352 N.W.2d at 903.

In this case the mortgage contained identical provisions. Specifically, the parties contracted that a judicially appointed receiver "shall be entitled to . . . collect the rents of the Property" and that all rents collected "shall be applied first to payment of the costs of management of the Property." Pursuant to *Karp,* the rents collected by the receiver should have been applied to the payment of the delinquent real estate taxes.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

HASTINGS, J., not participating.