MARY J. NELSON, APPELLANT, V. EUNICE L. CHENEY AND NEWEL
S. CHENEY, WIFE AND HUSBAND, APPELLEES.
401 N.W.2d 472

Filed February 20, 1987.   No. 85-600.

Clyde F. Starrett, for appellant.

Fred T. Hanson and John F. Hanson of Hanson & Hanson, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

On January 12, 1982, the plaintiff, purchaser of certain residential real estate in McCook, Nebraska, filed a petition against the defendants, vendors of that real estate, which prayed for damages due to alleged termite infestation at the time of the sale. Thereafter, the plaintiff, in response to various orders of the district court for Red Willow County, filed four amended petitions. On August 28, 1984, the defendants moved to strike the fourth amended petition from the files on the ground that it contained substantially the same allegations as the third amended petition, as to which a demurrer had been sustained and leave granted to amend. On October 9, 1984, the motion came on for hearing. The court found the facts in the fourth amended petition did not amount to misrepresentation or fraudulent concealment and there appeared to be no reasonable possibility that a cause of action against the defendants could be stated. The court sustained the defendants' motion to dismiss and dismissed the plaintiff's case. The plaintiff has appealed.

The plaintiff assigns as error the dismissal of her fourth

amended petition for failure to allege facts sufficient to constitute a cause of action. We reverse and remand.

The facts as alleged in the fourth amended petition are as follows: A purchase agreement for the sale of the defendants' home was entered into between the parties on February 22, 1978. Prior to signing the agreement, plaintiff made a demand on the defendants' agent that a termite inspection be done. In response to that demand, the agent said it had been done and he had the papers at his office. The plaintiff accompanied the agent to his office, where he showed the plaintiff a Lystads, Inc., 5-year termite-proofing guarantee bond. The plaintiff did not get a chance to examine it closely on that day. The agent said he would deliver the bond to the lender prior to the closing of the sale. The sale was closed on March 7, 1978, at which time the bond was delivered to the plaintiff.

The petition further stated that in July of 1979 the plaintiff discovered termite damage in the home. The plaintiff contacted Lystads and from that company learned there had been termite damage to the premises in October 1977 and that the defendants knew of this damage at the time of the sale to the plaintiff. The petition then alleged that the defendants

> intended to deceive Plaintiff as to the termite damage or in the alternative the representations as to the termites was [sic] so recklessly made when the [defendants] should have known the extent of the damage to the said property from termites and should have advised Plaintiff about termites, that [defendants] by their actions asserted that the property was free of such termite damage and that the Plaintiff, relying on such statements and actions of the [defendants] or their agents, suffered loss because of the termite damage.

Finally, the plaintiff alleged it was not possible to discover the termites by a usual and ordinary inspection of the property prior to purchase.

The plaintiff in this case was apparently proceeding under the theories of false representation and fraudulent concealment. In order to maintain an action for false representation, the plaintiff must allege and prove by a preponderance of the evidence the following elements: (1) that a

representation was made; (2) that the representation was false; (3) that, when made, the representation was known to be false, or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that the plaintiff should rely upon it; (5) that the plaintiff reasonably did so rely; and (6) that he or she suffered damage as a result. *Alliance Nat. Bank v. State Surety Co.*, 223 Neb. 403, 390 N.W.2d 487 (1986).

The plaintiff contends the defendants represented the property was free of termite damage at the time of the sale. We disagree. The only allegation of any representations made by the defendants with regard to termites was that relating to the giving of the termite-proofing bond to the plaintiff in response to her request that a termite inspection be done. That bond, which is incorporated in the pleading, states Lystads agreed to treat the premises for the extermination and control of subterranean termites for a period of 5 years from October 6, 1977, for $495, payable upon completion of the treatment. Lystads also agreed to return to the premises if termite reinfestation occurred within the 5-year guarantee period.

The use of the words "extermination" and "reinfestation" clearly indicates that termites were found on the premises in October of 1977 and that Lystads agreed to exterminate them at that time. When this bond was given to the plaintiff, it constituted a representation by the defendants of just those things—that there were termites in October of 1977 and that Lystads agreed to exterminate them. There was no representation made as to the status of the termites at the time of the sale or as to the status of any damage done by the termites which had been found in 1977. Thus, the plaintiff failed to state facts sufficient to constitute a cause of action for false representation as to the condition of the premises at the time of the sale.

The plaintiff did not, however, base her petition solely upon the theory of false representation, but also pled facts based on the theory of fraudulent concealment. What constitutes a cause of action for fraudulent concealment in the vendor/purchaser setting in Nebraska is somewhat unclear. The elements of fraudulent concealment have been stated in basically two

different ways, one which includes "intent to deceive" as an element and one which does not. The first rule, initially found in *Linton v. Sheldon*, 98 Neb. 834, 839, 154 N.W. 724, 725-26 (1915), is as follows:

"If, with the *intent to deceive*, either party to a contract of sale conceals or suppresses a material fact, which he is in good faith bound to disclose, this is evidence of and equivalent to a false representation, because the concealment or suppression is in effect a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing a false impression upon the mind of the other party; and if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff."

(Emphasis supplied.)

The other often-quoted articulation of the elements of fraudulent concealment was first found in *O'Shea v. Morris*, 112 Neb. 102, 104, 198 N.W. 866, 867 (1924):

[A]s between vendor and purchaser, where material facts and information are equally accessible to both, and nothing is said or done which tends to impose on the purchaser or to mislead him, the failure of the vendor to disclose such facts does not amount to actionable fraud; but where such facts are known by the vendor and he knows them to be not within reach of the reasonably diligent attention, observation and judgment of the purchaser, and they are such as would readily mislead the purchaser as to the true condition of the property, the vendor is bound to disclose such facts . . . .

In the most recent case of fraudulent concealment in the vendor/purchaser setting, *Christopher v. Evans*, 219 Neb. 51, 361 N.W.2d 193 (1985), both of these rules were quoted without discussion that one required an "intent to deceive" while the other did not. In passing, however, we did state that one of the necessary elements, "intent to deceive," was not present in the facts of that case and therefore the action for fraudulent concealment failed. *Id.* at 56, 361 N.W.2d at 197.

*Christopher v. Evans, supra*, was, however, decided before *Nielsen v. Adams*, 223 Neb. 262, 388 N.W.2d 840 (1986), the case in which we determined that "intent to deceive" was not a necessary element of a cause of action for false representation. We did this in order to permit one to recover because of a statement made by a defendant who, although not making a misstatement of a material fact with a "bad motive," nevertheless made it so recklessly, without having proper knowledge from a reasonable inquiry, that "[t]he fact that the defendant deceives, itself, establishes scienter even though the defendant may have been unaware of the deception." *Id*. at 271, 388 N.W.2d at 846.

Although an action for fraudulent concealment is sometimes referred to as an action for false representation by suppression or concealment, we do not believe it wise or good public policy to adopt a theory of negligent concealment in the vendor/purchaser setting. This is notwithstanding the language found in *Dargue v. Chaput*, 166 Neb. 69, 85, 88 N.W.2d 148, 158 (1958): "Considering the entire situation, which we have set out in rather full detail, we can come to no other conclusion than that Chaput either knew, or should have known, of the faulty construction by Keenan in building the house purchased by the Dargues." However, this statement must be read in light of the facts and findings in that case, some of which are set out in some detail:

> The question then arises, was Chaput aware of these conditions? The evidence discloses that Chaput had, through experience, considerable knowledge concerning drainage and that he was fully acquainted with the land on which the house at 8525 Bellevue Boulevard was built since it was part of a tract he had owned since 1948 and which was only some 200 feet from where he lived at 8521 Bellevue Boulevard. After the construction of the house began at 8525 Bellevue Boulevard he was there at least as often as once a week. When there he would look over the construction and confer with Keenan about different features thereof and make suggestions in regard thereto. When the crack occurred in the west wall as the result of the caterpillar incident Keenan contacted Chaput about it

and, as a result, the steel beam supports were put on the inside of the west wall. At that time Chaput must have observed the fill that was being made west of the house, the effect it was having and would have on the west wall, and what was being done to take care of the water that would naturally fall and flow thereon. We do not think Chaput is now in a position to say he did not know what was being done by Keenan in this respect.

*Id.* at 83-84, 88 N.W.2d at 157.

In other words, the *holding* of the court was not that from the circumstances then existing a reasonable person should have known that the facts existed but, rather, that from those circumstances it could only be said that the defendant did know the facts.

We believe this statement supports a holding that to establish a case of fraud by reason of concealment or suppression, the vendor must have known the existence of the material fact, which was deliberately withheld from the purchaser with the intent that the purchaser be misled. Additionally, of course, the existence of such fact must not have been equally within the knowledge or reach of the purchaser. *Linton v. Sheldon*, 98 Neb. 834, 154 N.W. 724 (1915).

We therefore hold that in order to maintain an action for damages for fraudulent concealment in the vendor/purchaser setting, the plaintiff must allege and prove by a preponderance of the evidence the following elements: (1) that the defendant concealed or suppressed a material fact; (2) that the defendant had knowledge of this material fact; (3) that this material fact was not within the reasonably diligent attention, observation, and judgment of the plaintiff; (4) that the defendant suppressed or concealed this fact with the intention that the plaintiff be misled as to the true condition of the property; (5) that the plaintiff was reasonably so misled; and (6) that the plaintiff suffered damage as a result.

Under this rule the plaintiff pled sufficient facts to state a cause of action for fraudulent concealment of termite damage. The facts that plaintiff did not insist on a new termite inspection and received notice of the prior termite infestation raise a jury question as to whether it was reasonable for her to have been

misled as to the true condition of the property. Accordingly, the judgment of the district court sustaining the defendants' motion to dismiss is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.