PLATTE VALLEY FEDERAL SAVINGS & LOAN ASSOCIATION, APPELLEE, V. MARJORIE L. GRAY ET AL., APPELLANTS.

409 N.W.2d 617

Filed July 31, 1987.   No. 85-918.

George A. Sommer, for appellant Gray.

Robert J. Bulger of Bulger & Jensen, for appellant Goltl.

Christine J. Law of Atkins Ferguson Zimmerman Carney Law, P.C., for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

Defendants appeal from an order granting plaintiff's requested decree of foreclosure on certain residential real property and denying defendants' counterclaim for rescission.

On May 7, 1982, Marvin E. Ziegler and Carol A. Ziegler executed a note to plaintiff for $66,000, secured by a mortgage on certain residential real property. On June 25, 1982, defendant Marjorie L. Gray contracted to buy that property from the Zieglers, subject to the mortgage to plaintiff. Then, on June 30, 1982, plaintiff issued a mortgage loan commitment to Gray and August P. Goltl. This commitment had a notation as follows: "( ) Flood Insurance Mandatory, see reverse." The notation on the reverse of the form read as follows:

FLOOD INSURANCE

If the "Flood Insurance Mandatory" box was checked, this property has been determined to be in an area which has a special flood hazard. Federal law requires that flood insurance, available through any agent, be written in either the maximum amount available or the loan balance, whichever is the lesser. This insurance will be mandatory until this loan is paid in full. By signing and accepting this commitment you acknowledge that the property securing this loan is in an area identified as having a special flood hazard and agree to these insurance requirements.

The blank opposite the "Flood Insurance Mandatory" condition was not checked. This loan commitment was signed by Gray and Goltl on July 2, 1982. Thereafter, on July 15, 1982, an assumption agreement was executed by the Zieglers, Gray and Goltl, and plaintiff by its agent, Russell A. Godberson. Defendants learned that the property was in a flood plain on July 11, 1983.

In March of 1984, defendants ceased paying the mortgage payments. Plaintiff then brought this foreclosure action against Gray and Adrian P. Goltl, the personal representative of the now-deceased August Goltl. Defendant Gray answered and counterclaimed for rescission of the assumption agreement,

based on plaintiff's alleged misrepresentation that the property in question was not located in a flood plain. Defendant Goltl's second amended answer also counterclaimed for rescission.

The case went to trial on September 10 and 11, 1985. The court granted plaintiff's requested foreclosure and denied defendants' claim for rescission. Defendants have appealed.

Two of defendants' assignments of error can be combined into one—that being that the trial court erred in finding that defendants were not entitled to rescission of the assignment of mortgage and note based on plaintiff's alleged misrepresentation. Defendants also contend that the trial court erred in denying rescission of the assumption agreement on the basis of delay by defendants in exercising their right of rescission. Finally, defendants contend that the court erred in not granting defendants leave to amend their pleadings to allege damages. We affirm.

This case is a foreclosure action with a counterclaim for rescission, both of which are equitable in nature. Therefore, we will review the record de novo, which means we will reach an independent conclusion without reference to the findings of the trial court. *Christopher v. Evans*, 219 Neb. 51, 361 N.W.2d 193 (1985); *First Fed. Sav. & Loan Assn. v. Cal-Neb Land Co.*, 219 Neb. 887, 367 N.W.2d 136 (1985). However, where credible evidence is in conflict on material issues of fact, we will consider the fact that the trial court observed the witnesses and accepted one version of the facts over another.

Although the briefs were written as if this were a false representation case, during oral argument counsel for both parties agreed that this case is really one of fraudulent concealment. Thus, we will analyze it using the factors set forth in *Nelson v. Cheney*, 224 Neb. 756, 401 N.W.2d 472 (1987).

In *Nelson* we set forth the elements which a party suing for damages based on fraudulent concealment must allege and prove by a preponderance of the evidence:

(1) that the defendant concealed or suppressed a material fact; (2) that the defendant had knowledge of this material fact; (3) that this material fact was not within the reasonably diligent attention, observation, and judgment of the plaintiff; (4) that the defendant suppressed or

concealed this fact with the intention that the plaintiff be misled as to the true condition of the property; (5) that the plaintiff was reasonably so misled; and (6) that the plaintiff suffered damage as a result.

*Id.* at 762, 401 N.W.2d at 476-77. A party seeking rescission on the ground of fraudulent concealment must also allege and prove the same elements. In this case, however, defendants failed to prove that plaintiff concealed from defendants the fact that the property was in a flood plain.

As we stated in *Christopher v. Evans, supra*:

*Conceal* means "To hide, secrete, or withhold from the knowledge of others. To withdraw from observation; to withhold from utterance or declaration; to cover or keep from sight. To hide or withdraw from observation, cover or keep from sight, or prevent discovery of." Black's Law Dictionary 261 (5th ed. 1979).

In *Mitchell v. Locurto*, 79 Cal. App. 2d 507, 514, 179 P.2d 848, 851-52 (1947), the court defined *conceal* as follows: "The word 'conceal' pertains to affirmative action likely to prevent or intended to prevent knowledge of a fact. (Restatement of the Law, Contracts, § 471, p. 891 et seq.; Restatement of the Law, Restitution, § 8, p. 32 et seq.; 8 Words and Phrases, Perm. Ed., 328-342.) It has reference to some advantage to the concealing party or a disadvantage to some interested party from whom the fact is withheld."

219 Neb. at 55-56, 361 N.W.2d at 196.

Defendants in this case did not prove what affirmative action plaintiff took to hide, secrete, or withhold from the knowledge of defendants the fact that the property was in a flood plain. Defendants did show that plaintiff knew when it transacted a loan on different property which was located within the same subdivision as the property involved in this case that the subdivision was in a flood plain, and that plaintiff had informed the buyer of the other property of that fact. Defendants also showed that plaintiff had a flood map in its loan origination office. But showing knowledge on plaintiff's part is not enough. Defendants had to show that plaintiff hid the true facts from defendants. The most defendants could

prove was that plaintiff's failure to check the box on the loan commitment entitled "Flood Insurance Mandatory" was an "oversight." As plaintiff's counsel stated in oral argument, this "oversight" may have been negligence, but it does not amount to concealment. Indeed, as soon as defendant Gray informed plaintiff that the property was in a flood plain, plaintiff went out and purchased flood insurance to cover both its and defendants' interests in the property, and paid the premium itself.

Because plaintiff did not conceal anything from defendants, there was no fraud, and rescission was properly denied.

Goltl, in a motion for a new trial, requested in the alternative that the court permit his petition to be amended to one in damages and that that issue be tried and determined by the court. In support of his position he cites us to *Russo v. Williams*, 160 Neb. 564, 71 N.W.2d 131 (1955). In that case defendants contracted to sell plaintiffs a motel, representing that, among other things, the premises were free of termites. As it turned out, the property was infested with termites. Plaintiffs sued for rescission, and defendants counterclaimed for specific performance.

In determining that fraud was present, this court stated: "We think, under the circumstances here disclosed, appellants [plaintiffs] had a right to rely upon the statements made by the executor Fred E. Williams, and in fact, that they did rely thereon to their subsequent injury." *Id.* at 578, 71 N.W.2d at 141. However, the denial of rescission by the trial court because of laches on the part of plaintiffs was affirmed on appeal.

By the same token, although the trial court granted defendants specific performance, this court reversed on the ground that because defendants had made misrepresentations, such a remedy would be unjust. In the final analysis, the cause was remanded to the trial court with directions to permit plaintiffs to elect to amend their cause of action for one in damages, stating the "cause of action in either event is fraud and the allegations of fact would be precisely the same in substance, the only substantial difference between the two being the form of relief prayed for." *Id.* at 587, 71 N.W.2d at 146.

What appellants here overlook is language in this court's opinion just preceding the above-quoted language:

> As held in Reinertson v. Struthers, *supra*: "* * * the failure to secure relief based upon a rescission, *unless for a failure to establish the fraud*, simply leaves the party who sought it in the attitude of having conclusively affirmed the contract. But affirmance of the contract does not waive the fraud, nor bar the right to recover damages, but bars a subsequent rescission merely."

(Emphasis supplied.) 160 Neb. at 587, 71 N.W.2d at 146. Such, of course, is not the case here. Because we find no fraudulent concealment on the part of the plaintiff, the defendants are not permitted to elect to pursue the alternative remedy for damages.

The judgment is affirmed.

AFFIRMED.